IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TRACY HANCQ,<br><br>            Plaintiff,<br><br>v.<br><br>MEDIACOM COMMUNICATIONS CORPORATION,<br><br>            Defendant. | No. |

### NOTICE OF REMOVAL

Defendant, MEDIACOM COMMUNICATIONS CORPORATION ("Mediacom"), by its attorneys, pursuant to 28 U.S.C. §§ 1441(a) and 1446, hereby removes this action from the Circuit Court for the Fourteenth Judicial Circuit, Rock Island County, Illinois, to the United States District Court for the Central District of Illinois, Rock Island Division. This action may be removed because this Court has original jurisdiction under 28 U.S.C. § 1332 based on the complete diversity of the parties and an amount in controversy in excess of $75,000. In support of removal, Mediacom states as follows:

1.      On December 23, 2006, Mediacom's Senior Manager of Human Resources was personally served with a copy of the Summons and Complaint. A copy of the Summons and Complaint is attached hereto as Exhibit A. Mediacom's Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is filed within thirty (30) days of the date on which Mediacom was served with the Complaint.

2.      Plaintiff is a resident of the city of Rock Island, Rock Island County, Illinois (Complaint ¶ 1). Therefore, Plaintiff is a citizen of the state of Illinois.

3. Mediacom is a Delaware corporation, with its principal place of business in Middletown, New York. Therefore, Mediacom is a citizen of the states of Delaware and New York.

4. Plaintiff's Complaint pleads one cause of action: retaliation (specifically, discharge) for exercising her statutory rights under the Illinois Worker's Compensation Act, 820 ILCS 305/1, et seq. (Complaint ¶ 8).

5. Plaintiff requests, among other relief, compensatory damages in the amount of $50,000, punitive damages in the amount $50,000, and an additional undisclosed amount representing the value of her lost employee benefits, for a total minimum amount in controversy in excess of $100,000 (Complaint, ad damnum ¶¶ 1-3).

6. Therefore, this action may be removed because this Court has original jurisdiction under 28 U.S.C. § 1332 based on the complete diversity of the parties and an amount in controversy in excess of $75,000.

MEDIACOM COMMUNICATIONS CORPORATION

By: ___s/ James E. Bayles, Jr.___

Barry A. Hartstein (ARDC # 01147048)
James E. Bayles, Jr. (ARDC # 06206547)
Attorneys for Defendant
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601
Telephone: (312) 324-1000
Fax: (312) 324-1001
E-mail: bhartstein@morganlewis.com
jbayles@morganlewis.com

## CERTIFICATE OF SERVICE

I, James E. Bayles, Jr, an attorney, certify that I served the foregoing Notice of Removal by causing a true and correct copy of the same to be mailed, by United States mail, with proper postage prepaid, to:

>Peter M. Soble, P.C.
>Attorney at Law
>226 17th Street, Suite 6
>Rock Island, Illinois 61201

on this 19th day of January, 2007

s/ James E. Bayles, Jr.



# CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
## ROCK ISLAND COUNTY, ILLINOIS

R 12/26/06

TRACY HANCQ,

    Plaintiff,

v.

No. 06 L 131

MEDIACOM COMMUNICATIONS CORP.,

    Defendant.

## SUMMONS

**To each defendant:** Mediacom Communications Corp., 3900 - 26th Ave., Moline, IL.

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

WITNESS, Dec. 19, 2006

_Lisa L. Bierman_ (Clerk of Court)

Plaintiff's Attorney (or plaintiff if he is not represented by attorney)

PETER M. SOBLE, P.C.

Address 226 - 17th St., Suite 6

City Rock Island, IL. 61201

Telephone (309) 794-1468

(Seal of Court)

Location of Clerk's Office

Date of Service: _____, 20___
(To be inserted by officer on copy left with defendant or other person)

**SUMMONS – GENERAL** 3/00

## IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
## ROCK ISLAND COUNTY, ILLINOIS

LISA L. BIERMAN  
CIRCUIT CLERK

GENERAL DIVISION  
PH. 309-786-4451

### ORDER

CASE # 06 L 131

The above cause has been assigned to Judge __Lefstein__ until final disposition. On the Court's motion, it is ordered that each plaintiff and defendant not represented by an attorney and all attorneys familiar with the case and authorized to act shall appear for a case management conference on the __22__ day of __March__, 20__07__ At 1:30 P.M. at the Rock Island County Courthouse, unless prior thereto a case management conference has been held pursuant to SCR218. Attorneys or parties may schedule a case management conference with the assigned judge prior to said date. Counsel and litigants shall be prepared to discuss with the Court all matters set forth in Supreme Court Rule 218. Motions will not be heard at this time.

December 21, 2006  
DATE  
(CVL 8/01)

_Lori Lefstein_  
LORI R. LEFSTEIN, PRESIDING JUDGE



IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
ROCK ISLAND COUNTY, ILLINOIS
COUNTY DIVISION

TRACY HANCQ, )
)
    Plaintiff, )
)     06 L 131
vs. )
) NO.
)
MEDIACOM COMMUNICATIONS, CORP )
)
    Defendant. )

## COMPLAINT

Now comes TRACY HANCQ, Plaintiff herein, by Peter M. Soble, her attorney, hereby complains of the defendant, MEDIACOM COMMUNICATIONS, CORP., and represents unto this Court the following:

1. That, Plaintiff resides in the City of Rock Island, County of Rock Island, State of Illinois.

2. That, at all times relevant hereto, Defendant Mediacom Communications, Corp. was a corporation doing business in the State of Illinois, County of Rock Island.

3. That, the Plaintiff was employed by the Defendant Mediacom Communications Corp. beginning on or about December 17, 2002 through the point in which she was terminated effective November 9, 2006. Additionally, the Plaintiff during all relevant periods was an employee covered under the Workers' Compensation Act.

4. That, on the 18th day of August, 2005, and at all times relevant hereto, the Plaintiff was injured while doing repetitive trauma, which allegedly arose

out of and in the course of her employment with said Defendant, Mediacom Communications.

5. That, as a result of the repetitive trauma while working for the Defendant, the Plaintiff suffered carpal tunnel syndrome and cubital tunnel syndrome in both hands.

6. That, the Plaintiff filed a claim for compensation with the Workers' Compensation Commission pursuant to the Illinois Workers' Compensation Act 820 ILCS 305/1 et seq.

7. That, on October 26, 2006, the Defendant notified the Plaintiff that they are unable to accommodate the restrictions that the Plaintiff's doctor placed on her, a copy of said letter is attached hereto and made a part hereof.

8. That, the real reason why Plaintiff was discharged was in retaliation for her exercising her rights ie temporary total disability benefits guaranteed to her under the Illinois Workers' Compensation Act.

9. That, by wrongfully discharging Plaintiff without reasonable cause or justification, and for the retaliatory reason set forth above. Defendant violated the public policy of Illinois being Plaintiff's rights to collect all benefits under the Illinois Workers' Compensation Act.

10. That, as a direct and proximate result of Defendant's act, the Plaintiff has sustained substantial injuries including, pain and suffering, public disgrace, substantial loss of wages and benefits by the loss of her job.

WHEREFORE, the Plaintiff, Tracy Hancq, prays for judgment against Defendant, as follows:

1. Awarding compensatory damages for the value of her loss wages and pain and suffering as a result of her termination in a sum exceeding $50,000.00;

2. Awarding punitive damages in a sum exceeding $50,000.00;

3. Awarding damages for the value of Plaintiff's lost employee benefits;

4. Awarding Plaintiff reasonable attorneys' fees and costs;

5. Awarding such other and further relief as the court may consider proper.

TRACY HANCQ, Plaintiff

By: _____
PETER M. SOBLE
Her Attorney


PETER M. SOBLE, P.C.
Attorney at Law
226 -17th Street, Suite 6
Rock Island, Illinois 61201
Phone: (309) 794-1468
Fax: (309) 794-1472
E-Mail: peter41@earthlink.net



October 26, 2006

Tracy Hancq
415 18th 1/2 Avenue
Rock Island, IL 61201

Dear Tracy:

Your doctor currently has you on work restrictions of "no typing, no repetitive use of both arms". We are unable to accommodate these restrictions. On October 9, 2006, your doctor imposed work restrictions of "can work only 4 hours per day". At that point we explained that we were willing to accommodate those restrictions and you would need to utilize the FMLA protection of your intermittent leave. When you submitted your doctor's note on Tuesday, October 17, 2006 stating your current restrictions you indicated that you were instructed not to complete the FMLA paperwork by your attorney. It is our company policy that when an injured worker is off from work due to a work-related "serious health condition" that FMLA run concurrently with that time off. The FMLA protects the employee's position for a 12-week leave of absence.

Please complete the FMLA paperwork and return it to me by November 3, 2006. Failure to do so will subject you to possible termination of employment. This will not, however, affect your Workers' Compensation claim.

Please find below the notice letter you were given on October 9, 2006 when you were working only 4 hours per day (italicized):

*Under the law, we are required to give you notice of the commencement of your 12- week Family and Medical Leave Act ("FMLA") leave of absence. As we have discussed, as of 10/9/06, your current intermittent absence from work will be provisionally considered a Medical Leave of Absence under the FMLA conditional upon the return of completed documentation*

*We have enclosed for your information, a copy of the U.S. Department of Labor's Family and Medical Leave Act summary, Your Rights Under the Family and Medical Leave Act of 1993 (Attachment 1). Please review these documents since they explain how your leave from work will be treated. We hope that your Medical Leave will assist you in recovering from your illness. You also may have rights under state or federal disability laws. As we have discussed, your FMLA leave will not affect these rights.*

*You will not receive your regular Mediacom salary during this period, however, you will receive benefits from St. Paul Travelers for the hours missed from work due to this intermittent leave according to the standards set by St. Paul Travelers.*

*Please complete the enclosed "Request for Family or Medical Leave" form (Attachment 2) and return it to me promptly. If you have not yet submitted a recent "Certification of Physician or*

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
ROCK ISLAND COUNTY, ILLINOIS
COUNTY DIVISION

| | |
|---|---|
| TRACY HANCQ, | ) |
| Plaintiff, | ) |
| vs. | )  NO. |
| MEDIACOM COMMUNICATIONS CORP., | ) |
| Defendant. | ) |

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| COUNTY OF ROCK ISLAND | ) SS |

### AFFIDAVIT OF DAMAGES SOUGHT

Tracy Hancq being first duly sworn, depose(s) and say(s) that he/she is the Plaintiff in the above captioned cause, that he/she is familiar with the facts and circumstances surrounding this transaction, and that the total amount of money damages sought in this cause does not exceed $50,000.00, exclusive of interest and costs.

X _____

Subscribed and sworn to before me

This 18 day of December, 2006.

_____
Notary Public

OFFICIAL SEAL
DEBRA V MILLS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/17/10